_____

No. 95-3910
_____

Leonard L. Blue Thunder,           *
also known as Leo Blue Thunder,     *
                                    *
        Plaintiff-Appellant,        *   Appeal from the United States
                                    *   District Court for the
     v.                             *   District of South Dakota.
                                    *
Joseph Class, Warden, South         *   [UNPUBLISHED]
Dakota State Penitentiary; Mark     *
W. Barnett, Attorney General,       *
State of South Dakota,              *
                                    *
        Defendants-Appellees.       *


_____

Submitted:  June 14, 1996

Filed:  June 24, 1996
_____

Before LOKEN, ROSS, and HANSEN, Circuit Judges.
_____


PER CURIAM.

        Leonard L. Blue Thunder appeals the district court's[1] denial of his
28 U.S.C. § 2254 petition for a writ of habeas corpus.  He contends that
the district court erred by determining that the admission of his
involuntary statements was constitutionally harmless.  He also contends
that the district court erred by determining that no constitutional error
resulted from the jury selection process.  We affirm.

_____

        [1]The Honorable Charles B. Kornmann, United States District
Judge for the District of South Dakota.

Blue Thunder was convicted in South Dakota on state charges of first degree murder, first degree burglary, and aggravated assault. During trial, the trial court admitted into evidence certain statements made by Blue Thunder immediately after the incident giving rise to the charges, at a time when Blue Thunder was intoxicated and attempted to invoke his right to counsel. Also, in impanelling the jury, the trial court refused to strike four jurors who had close ties to law enforcement officials and whom Blue Thunder challenged for cause. Blue Thunder had to exercise his peremptory strikes to remove them from the panel. The Supreme Court of South Dakota affirmed Blue Thunder's convictions. See State v. Blue Thunder, 466 N.W.2d 613, 621 (S.D. 1991). Specifically, the state supreme court held that the trial court erred by admitting Blue Thunder's statements but that the error was harmless beyond a reasonable doubt, because overwhelming testimony and physical evidence supported all of the convictions, and the statements were relevant to only one of the three charges. Id. at 619. Additionally, the state supreme court found that Blue Thunder failed to demonstrate any actual prejudice resulting from the trial court's refusal to strike the four jurors he challenged for cause. Id. at 620.

Blue Thunder sought habeas corpus relief from the district court pursuant to 28 U.S.C. § 2254 on the same grounds. The district court agreed with the state supreme court, concluding that Blue Thunder's statements should have been excluded from trial because they were not voluntary but that the error was harmless beyond a reasonable doubt. Further, the district court concluded that the challenges for cause should have been allowed. Nevertheless, Blue Thunder's Sixth Amendment right to an impartial jury was not violated, because he did not exercise all of his available peremptory challenges, and Blue Thunder made no showing that his jury was not impartial. Thus, the district court denied Blue Thunder's petition for a writ of habeas corpus.

Where harmless error review has first been applied by the state supreme court, our review is governed by the standard enunciated in Brecht v. Abrahamson, 507 U.S. 619, 623 (1993). See Maurer v. Minnesota Dep't of Corrections, 32 F.3d 1286, 1291 n.4 (8th Cir. 1994) (citing Starr v. Lockhart, 23 F.3d 1280, 1292 (8th Cir.), cert. denied, 115 S. Ct. 499 (1994)). To determine whether habeas corpus relief should be granted because of the erroneously admitted statements, we must determine whether the "error `had substantial and injurious effect or influence in determining the jury's verdict.'" Brecht, 507 U.S. at 623 (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)). Given the strength of the state's evidence in this case, we conclude that the statements erroneously admitted by the trial court did not have a substantial and injurious effect or influence on the jury's decision.

Furthermore, while the trial court should have removed the four jurors that Blue Thunder challenged for cause, this error does not constitute a constitutional violation. The Supreme Court has "long recognized that peremptory challenges are not of constitutional dimension." Ross v. Oklahoma, 487 U.S. 81, 88 (1988). In Ross, the Court squarely "reject[ed] the notion that the loss of a peremptory challenge constitutes a violation of the constitutional right to an impartial jury. . . . So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated." 487 U.S. at 88, quoted in Feltrop v. Delo, 46 F.3d 766, 774 (8th Cir. 1995). See also Sloan v. Delo, 54 F.3d 1371, 1387 n.16 (8th Cir. 1995) ("Any sixth amendment claim must focus exclusively on the jurors who actually sat . . . ."), cert. denied, 116 S. Ct. 728 (1996). Blue Thunder made no showing that the actual jury that heard his case was not impartial.

Accordingly, we affirm the judgment of the district court.

3

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.